Case 1:13-cv-04771-NGG-RLM Document 1 Filed 08/26/13 Page 1 of 17 PageID #: 1

ORIGINAL



RECEIVED
AUG 26 2013
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YASER OTHMAN,

               Plaintiff

-against- CV 13 -

THE CITY OF NEW YORK,
SERGEANT BENJAMIN BENSON, tax # 903422
DETECTIVE SHAHEED RAHEEM, tax # 930996
DETECTIVE MICHAEL WALLEN, tax # 902577
DETECTIVE SANDRA DAILEY, tax # 901413
ASSISTANT DISTRICT ATTORNEY DANIEL
O'LEARY

               Defendants
------------------------------------------------------------X

COMPLAINT

4771 GARAUFIS, J.

MANN, M.J.

JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

1. Plaintiff, proceeding *pro se*, brings this civil rights action against the City of New York, several New York City police officers employed in the Queens Vice Enforcement Squad, and Assistant District Attorney Daniel O'Leary, alleging that defendants violated Plaintiff's rights under 42 U.S.C. § 1983, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution and law.

2. Specifically, Plaintiff alleges that on or about June 2, 2012, starting at approximately 06:15 p.m., at the vicinity of the intersection of Ulmer Street and the Whitestone Expressway, the vicinity of the intersection of Ditmars Blvd. and Astoria Blvd., and within the 115th Police Precinct station house, Queens County, New York, the police officer defendants abused their police authority against the Plaintiff, used unreasonable force against the Plaintiff, causing him physical injury, and in an attempt to cover up their misconduct, unlawfully arrested the Plaintiff and charged him with fabricated charges.

3. Plaintiff further alleges that Queens County Assistant District Attorney Daniel O'Leary violated Plaintiff's rights by maliciously and unlawfully prosecuting Plaintiff, by refusing to dismiss charges clearly not supported even by the fabricated evidence concocted by the police officer defendants.

## JURISDICTION and VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

5. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide the New York State law claims.

6. A Notice of Claim was duly filed with the City of New York's Comptroller's Office within 90 days of the incident at issue. More than a year has elapsed since the filing of said Notice, and the claims have not been yet settled by the City. This action is being duly commenced within one year and ninety days of the occurrence of events giving rise to Plaintiff's claims.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because all the events giving rise to Plaintiff's claims occurred in Queens County, within this District.

## THE PARTIES

8. Plaintiff is a citizen of the United States, resides in the County of Queens, and until the false arrest that occurred to him on June 2, 2012, had been employed as an Assistant District Attorney in Kings County, New York.

9. At all relevant times, defendants Sergeant Benjamin Benson, Detectives Shaheed Raheem, Michael Wallen, and Sandra Dailey ("police officer defendants") are law

2

enforcement officers assigned to the Queens Vice Enforcement Module Squad of the New York City Police Department.

10. Assistant District Attorney Daniel O'Leary is an Assistant District Attorney in the County of Queens, and has been in charge of prosecuting the fabricated criminal charges against Plaintiff since the inception of said criminal action.

11. At all times herein, the police officer defendants and Mr. Daniel O'Leary have been employed as police officers and a prosecutor, respectively, by the City of New York, State of New York, and have been acting under color of their official capacities. Their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. They are the servants, agents, and employees of co-defendant, the City of New York, such that their actions are imputed to the City of New York. Those defendants are liable for directly participating in the unlawful acts described herein, and for failing to intervene to protect Plaintiff from unconstitutional conduct. Those defendants are sued in their individual and official capacities.

12. The City of New York is a municipal corporation organized under the laws of the State of New York. It has been the employer of the police officer defendants and Mr. O'Leary through its Police Department and the Queens County District Attorney's Office, respectively, and the actions of the individual defendants complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

## STATEMENT OF FACTS

13. On or about June 2, 2012, at approximately 06:15 p.m., at the intersection of Ulmer Street and the Whitestone Expressway, Queens County, New York, Plaintiff was driving his 2002 Mitsubishi Gallant, on his way to meet a friend.

Plaintiff was stopped at a traffic light, awaiting the light to turn green in order to make a right turn and merge unto the highway.

14. After the light turned green, Plaintiff proceeded to make the right turn, at which time Plaintiff heard the loud screeching of a vehicle tires to Plaintiff's left. Plaintiff observed, as Plaintiff later learned, an undercover police mini van driven by defendant Benson, with defendants Raheem, Wallen, and Dailey as his passengers.

15. The undercover police vehicle came from an illegal lane of traffic and was also making a right turn in order to get unto the highway.

16. Plaintiff's vehicle and the undercover police vehicle almost collided with each other, but both came to a stop within inches of each other. Plaintiff sounded his vehicle's horn in order to express his dismay in the hazardous manner defendant Benson was operating his vehicle. This near collision took place at the entrance ramp to the highway.

17. Plaintiff proceeded to drive away, but defendant Benson apparently took exception to Plaintiff's sounding of the horn and sped off from behind Plaintiff, made an illegal lane shift unto the highway, and veered his vehicle sharply towards Plaintiff's vehicle in an apparent attempt to cause Plaintiff to collide with the safety railing on the utmost right of the highway entry ramp.

18. Defendant Benson repeatedly stopped short in front of Plaintiff's vehicle, attempting to cause Plaintiff to rear-end the undercover mini van, and twice caused Plaintiff to miss Plaintiff's exit by veering defendant Benson's vehicle sharply in front of Plaintiff's vehicle.

19. Defendant Benson never activated police lights or siren in order to stop Plaintiff, nor was there any attempt by the police officer defendants to identify themselves as police officers.

20. As a matter of fact, the only gesture Plaintiff observed by the police officer defendants was defendant Benson repeatedly flipping Plaintiff with defendant Benson's middle finger.

21. As a result of defendant Benson's erratic driving, Plaintiff missed his exits and was now on Astoria Blvd., a route that could never take Plaintiff to his destination.

22. At the corner of Astoria Blvd. and Ditmars Blvd., Plaintiff stopped at a red light behind defendant Benson's vehicle. Plaintiff was in the process of returning to the highway in order to go meet his friend.

23. However, as the two vehicles came to a stop, defendant Benson exited his vehicle, pulled out a hand gun, cocked it, and pointed it at Plaintiff, and screamed at Plaintiff, "Let me see your hands mother fucker."

24. Defendant Raheem also pointed a hand gun at Plaintiff, and both Benson and Raheem raced to Plaintiff vehicle, opened the driver's door to Plaintiff's vehicle, shouting, "Get out of the car, mother fucker."

25. Plaintiff, in astonishment and fear for his life, asked, "Are you guys cops?" and defendant Benson answered, "What do you think this is, mother fucker?" Defendant Benson then reached for his police shield which was tucked inside the shirt he was wearing and produced the first police identifier in this encounter.

26. As Plaintiff's vehicle was still in 'drive' gear, Plaintiff was shifting it to 'park' in order to exit the vehicle, but defendants Benson and Raheem both grabbed Plaintiff's shirt and pulled Plaintiff so hard the shirt ripped almost completely apart.

27. Defendant Benson then grabbed Plaintiff by the throat and proceeded to strangle Plaintiff, causing Plaintiff a bruise to the nick, and inability to speak and to identify himself as an Assistant District Attorney.

28. Defendants Raheem and Wallen proceeded to search Plaintiff while he was still being strangled by Benson. Plaintiff repeatedly announced, "I'm an ADA, I'm an ADA," but Plaintiff's voice was constricted by the grip on his throat by defendant Benson, who repeatedly asked Plaintiff, "What the fuck are you?"

29. Defendant Wallen grabbed Plaintiff's wallet, which contained Plaintiff's identification card and District Attorney's shield, and upon seeing them, defendant Wallen exclaimed, "Oh, shit, he is an ADA."

30. During this time, defendant Dailey stood by at the opposite side of Plaintiff's vehicle, directing traffic away. Defendant Dailey was later designated as the arresting officer of Plaintiff.

31. Defendant Benson screamed at Plaintiff, "You're going to jail; you're trying to take a swing at me!" In fact, Plaintiff never attempted to strike any of the defendants.

32. Defendants Benson, Raheem, and Wallen placed handcuffs on Plaintiff's wrists, squeezing said handcuffs extra tight, causing Plaintiff to suffer great pain and lacerations to the wrists.

33. When Plaintiff encountered difficulty entering the backseat of the police minivan, due to Plaintiff's size and the fact Plaintiff was handcuffed behind the back, defendant Wallen shoved Plaintiff into said minivan.

34. Plaintiff was then taken to the 115th Police Pricinct, where Plaintiff was "given the courtesy" of being placed in a separate holding cell. However, defendant

Benson instructed the other police officer defendants to keep the handcuffs on Plaintiff even inside the solitary holding cell.

35. Defendant Benson paraded Plaintiff into the 115th Precinct, by shouting to everyone who was present at the time, "look what I got, a Brooklyn ADA; one of Charles Hynes' finest."

36. Plaintiff was left inside the holding cell for approximately 5-6 hours, until he was transported to central booking in the early hours of the following day, June 3, 2012.

37. During his stay in the holding cell, the lights were turned off and Plaintiff had to sit in absolute darkness for a period of time. Defendant Dailey later explained that she had turned the lights off because she did not think anyone was being held there, despite the fact that defendant Dailey earlier escorted Plaintiff into his cell.

38. The Arrest Report lists the arrest charges as: Reckless Endangerment in the First Degree, a felony; Attempted Assault in the Second Degree, a felony; Resisting Arrest, a misdemeanor; and Reckless Driving, a misdemeanor.

39. On June 3, 2012, Plaintiff was arraigned in Queens County Criminal Court on a complaint that charged him with: Reckless Endangerment in the Second Degree, Obstructing Governmental Administration in the Second Degree, Resisting Arrest, Reckless driving, Attempted Assault in the Third Degree, Unlawful Possession of Marihuana, and Failure to Give a Turning Signal. None of those charges is a felony.

40. On July 24, 2012, the prosecution, on its own motion, dismissed the charge of Unlawful Possession of Marihuana, conceding that the search of Plaintiff's vehicle which allegedly yielded a small amount of marihuana was in fact an unlawful search.

7

41. A hearing to determine probable cause was held on November 30, 2012, and according to the evidence presented by the People, it was abundantly clear that the charges of Attempted Assault in the Third Degree and Obstructing Governmental Administration in the Second Degree could not be sustained, as the elements of those charges were not made out even by the bogus allegations of the police officer defendants. The Hearing Court erred in not dismissing those charges.

42. Mr. Daniel O'Leary, the prosecutor who has been handling the criminal charges against Plaintiff, knew very well that those charges should be dismissed. However, he affirmatively refused to do so on the record in at least two occasions, on June 17, 2013, and on July 24, 2013. Mr. O'Leary agreed to formally dismiss those charges only when he was forced to do so by the Honorable Judge Gia Morris, on July 24, 2013, and refused to give the true reasons why those charges were being dismissed.

43. The criminal case against Plaintiff is still pending in Queens County Criminal Court, where the People have been dragging their feet, literally as one of the excuses given by the People is a foot injury to ADA O'Leary, in prosecuting the case, citing a pinkie injury to one officer here, and a hand injury to another officer there.

44. Meanwhile, Plaintiff has been suspended without pay from his job as a Kings County Assistant District Attorney, and lost his own and his family's health insurance coverage.

45. All allegations of wrong doing made by the police officer defendants against Plaintiff are false and fabricated.

46. At all times described above, the police officer defendants engaged in a joint venture of abuse and misconduct, and conspired to violate Plaintiff's rights. They

8

assisted one another in performing the various actions described above, and lied to prosecutors at the Queens County District Attorney's Office in order to cause false charges to be filed against Plaintiff. Defendants acted maliciously and with intent to injure Plaintiff.

47. As a result of defendants' actions, Plaintiff suffered physical injury, mental and emotional anguish, humiliation and embarrassment, loss of employment, loss of medical insurance coverage, irreparable damage to his career in law practice, tarnished reputation, and deprivation of rights under the United States and New York State Constitutions and laws.

### FIRST CAUSE OF ACTION

### FLASE ARREST & IMPRISONMENT UNDER FEDERAL LAW

48. Plaintiff incorporates and repeats all above allegations.

49. Plaintiff did not commit any criminal offense or violation on June 2, 2012.

50. The arrest, detention, and imprisonment of Plaintiff were devoid of any just or legal cause.

51. Plaintiff suffered physical, mental, and pecuniary damages as a result of defendants' unlawful acts.

52. Accordingly, defendants are liable to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION

### FLASE ARREST & IMPRISONMENT UNDER NEW YORK STATE LAW

53. Plaintiff incorporates and repeats all above allegations.

54. Plaintiff did not commit any criminal offense or violation on June 2, 2012.

55. The arrest, detention, and imprisonment of Plaintiff were devoid of any just or legal cause.

56. Plaintiff suffered physical, mental, and pecuniary damages as a result of defendants' unlawful acts.

57. Accordingly, defendants are liable to Plaintiff under Sections 6 and 12 of the New York State Constitution.

## THIRD CAUSE OF ACTION

## MALICIOUS ABUSE OF PROCESS & PROSECUTION UNDER FEDERAL LAW

58. Plaintiff incorporates and repeats all above allegations.

59. Plaintiff did not commit any criminal offense or violation on June 2, 2012.

60. The arrest, detention, and imprisonment of Plaintiff were devoid of any just or legal cause; and the filing of criminal charges against Plaintiff was unjustified.

61. Mr. Daniel O'Leary's refusal to dismiss charges clearly not supported even by the fabricated evidence was also unjustified.

62. Mr. Daniel O'Leary, representing the Queens County District Attorney's Office, has been dragging the prosecution of Plaintiff's criminal case, and refusing to go to trial for over 15 months, thereby violating Plaintiff's constitutional right to a speedy trial.

63. Accordingly, defendants are liable to Plaintiff under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

## MALICIOUS ABUSE OF PROCESS & PROSECUTION UNDER NEW YORK STATE LAW

64. Plaintiff incorporates and repeats all above allegations.

65. Plaintiff did not commit any criminal offense or violation on June 2, 2012.

66. The arrest, detention, and imprisonment of Plaintiff were devoid of any just or legal cause; and the filing of criminal charges against Plaintiff was unjustified.

67. Mr. Daniel O'Leary's refusal to dismiss charges clearly not supported even by the fabricated evidence was also unjustified.

68. Mr. Daniel O'Leary, representing the Queens County District Attorney's Office, has been dragging the prosecution of Plaintiff's criminal case, and refusing to go to trial for over 15 months, thereby violating Plaintiff's constitutional right to a speedy trial.

69. Accordingly, defendants are liable to Plaintiff under New York State Constitution and laws.

## FIFTH CAUSE OF ACTION

### UNREASONABLE USE OF FORCE UNDER FEDERAL LAW

70. Plaintiff incorporates and repeats all above allegations.

71. Plaintiff did not commit any criminal offense or violation on June 2, 2012.

72. The use of force by police officer defendants against Plaintiff was unjustified and unlawful; and Plaintiff suffered physical, mental, emotional, and pecuniary injuries as a result of this unlawful use of force.

73. Accordingly, defendants are liable to Plaintiff under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. § 1983.

## SIXTH CAUSE OF ACTION

### UNREASONABLE USE OF FORCE UNDER NEW YORK STATE LAW

74. Plaintiff incorporates and repeats all above allegations.

75. Plaintiff did not commit any criminal offense or violation on June 2, 2012.

76. The use of force by police officer defendants against Plaintiff was unjustified and unlawful; and Plaintiff suffered physical, mental, emotional, and pecuniary injuries as a result of this unlawful use of force.

77. Accordingly, defendants are liable to Plaintiff under New York State Constitution and laws.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL SEARCH UNDER FEDERAL LAW

78. Plaintiff incorporates and repeats all above allegations.

79. Plaintiff did not commit any criminal offense or violation on June 2, 2012.

80. The arrest, detention, and imprisonment of Plaintiff were devoid of any just or legal cause; and the filing of criminal charges against Plaintiff was unjustified.

81. The searches of Plaintiff's person and vehicle were unjustified and unlawful.

82. Accordingly, defendants are liable to Plaintiff under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. § 1983.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL SEARCH UNDER NEW YORK STATE LAW

83. Plaintiff incorporates and repeats all above allegations.

84. Plaintiff did not commit any criminal offense or violation on June 2, 2012.

85. The arrest, detention, and imprisonment of Plaintiff were devoid of any just or legal cause; and the filing of criminal charges against Plaintiff was unjustified.

86. The searches of Plaintiff's person and vehicle were unjustified and unlawful.

87. Accordingly, defendants are liable to Plaintiff under New York State Constitution and laws.

## NINTH CAUSE OF ACTION

## MUNICIPAL LIABILITY / *MONELL* CLAIM AGAINST THE CITY OF NEW YORK UNDER FEDERAL LAW

88. Plaintiff incorporates and repeats all above allegations.

89. Plaintiff did not commit any criminal offense or violation on June 2, 2012.

90. The arrest, detention, and imprisonment of Plaintiff were devoid of any just or legal cause; and the filing of criminal charges against Plaintiff was unjustified.

91. The searches of Plaintiff's person and vehicle were unjustified and unlawful.

92. The police officer defendants and Mr. O'Leary (collectively "the individual defendants") acted in their capacities as police officers and an Assistant District Attorney, respectively, all employed by the City of New York, and all acting under the actual and/or apparent authority of said City.

93. The individual defendants acted pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

94. Upon information and belief, the City of New York was/is aware that the police officer defendants are unfit officers who have previously repeatedly committed the acts of abuse and misconduct complained of herein. Said City is well aware of those defendants' propensity for unconstitutional conduct and their inadequate training.

95. This is evidenced by the service and personnel records of said police officer defendants, which include police department sanctions and numerous civil law suits against said police officer defendants.

96. The civil law suits against said police officer defendants have all been settled by defendant City of New York, and include, but are not limited to:

    a. *Demetrio Velez v. The City of New York, Sandra Dailey, Michael Wallen, et al*, 04 CV 6183 (settled on May 3, 2007, for $ 42,500).

    b. *Rahmeek Younger v. The City of New York, Benjamin Benson, et al*, 07 CIV 6634 (settled on October 30, 2008, for $30,000).

    c. *Robin Rodriguez v. The City of New York, Benjamin Benson, et al*, 08 CV 4837 (settled on May 7, 2009, for $17,250).

    d. *Kenton Graham v. The City of New York, Benjamin Benson, et al*, 09 CIV 5278 (settled on November 10, 2011, for $41,000 paid out by the City defendant and $1,500 paid out from the personal funds of defendant Benson).

    e. *Shin Il Jo v. The City of New York, Benjamin Benson, Shaheed Raheem, et al,* 10 CV 4037 (settled on May 17, 2011, for 81,001 plus a medical trust to be used for Plaintiff's medical expenses).

97. Despite the disgraceful track records of police officer defendants, the City of New York exercised deliberate indifference towards the repeated abuse and misconduct of said defendants, and failed to take any remedial action. Specifically, the City failed to properly train, retrain, supervise, adequately discipline and/or monitor said defendants, and improperly retained them as employees.

98. Accordingly, defendant City of New York is liable to Plaintiff under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. § 1983.

## NINTH CAUSE OF ACTION

## MUNICIPAL LIABILITY / *RESPONDEAT SUPERIORL* CLAIM AGAINST THE CITY OF NEW YORK UNDER NEW YORK STATE LAW

99. Plaintiff incorporates and repeats all above allegations.

100. Plaintiff did not commit any criminal offense or violation on June 2, 2012.

101. The arrest, detention, and imprisonment of Plaintiff were devoid of any just or legal cause; and the filing of criminal charges against Plaintiff was unjustified.

102. The searches of Plaintiff's person and vehicle were unjustified and unlawful.

103. The police officer defendants and Mr. O'Leary (collectively "the individual defendants") acted in their capacities as police officers and an Assistant District Attorney, respectively, all employed by the City of New York, and all acting under the actual and/or apparent authority of said City.

104. Plaintiff specifically repeats paragraphs 91 – 95 and incorporates them here.

105. Accordingly, defendant City of New York is liable to Plaintiff under the Constitution and laws of the State of New York.

WHEREFORE, Plaintiff requests the following relief, both jointly and severally, from all defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive and exemplary damages in an amount to be determined by a jury;

    c. Costs of the present litigation;

    d. Such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury, in accordance with 38 (b) of the Federal Rules of Civil Procedures.

Dated:   August 26, 2013
         Brooklyn, New York

*[signature]*

Yaser Othman
Plaintiff, *pro se*
11-18 125th Street
College Point, NY 11356
(718) 463-5703

TO:

Pro Se Clerk's Office
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

The Law Department of the City of New York,
Office of the Corporation Counsel,
100 Church Street,
New York, N.Y. 10007

S. Andrew Schaffer
Deputy Police Commissioner for Legal Matters
1 Police Plaza
New York, NY 10038

Sgt. Benjamin Benson
1 Police Plaza
New York, NY 10038

Det. Shaheed Raheem
1 Police Plaza
New York, NY 10038

Det. Michael Wallen
1 Police Plaza
New York, NY 10038

Det. Sandra Dailey
1 Police Plaza
New York, NY 10038

ADA Daniel O'Leary
Queens County District Attorney's Office
125-01 Queens Blvd.
Kew Gardens, NY 11415