D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YASER OTHMAN,

                Plaintiff,

      -against-

SERGEANT BENJAMIN BENSON and
DETECTIVE SANDRA DAILEY,

                Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-4771 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Yaser Othman brings a § 1983 excessive force claim and a state-law assault and battery claim against Defendant Sergeant Benjamin Benson, and state-law malicious prosecution claims against Defendants Benson and Detective Sandra Dailey. (See Mar. 31, 2018 Mem. & Order ("M&O") (Dkt. 62) at 37-38.) Trial is scheduled to begin in this case on March 18, 2019. Pending before the court are the parties' motions in limine. (See Defs. Mot. (Dkt. 75); Pl. Mot. (Dkt. 76).) For the reasons set forth below, Defendants' motion in limine is GRANTED IN PART and DENIED IN PART, and Plaintiff's motion in limine is GRANTED. In addition, the court RESERVES JUDGMENT until trial with respect to several issues raised by the parties.

**I.    LEGAL STANDARD**

    **A.    Motions in Limine**

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." Gorbea v. Verizon N.Y., Inc., No. 11-CV-3758 (KAM), 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (citing Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp., 937 F. Supp. 276, 283 (S.D.N.Y. 1996)). "Evidence should be excluded on a motion in limine only when the evidence

1

is clearly inadmissible on all potential grounds." United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Further, "courts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context." Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing Nat'l Union Fire Ins. Co., 937 F. Supp. at 287). The court's ruling on a motion in limine is preliminary and "subject to change when the case unfolds." Luce, 469 U.S. at 41.

B. **General Rules of Admissibility**

Evidence must be relevant to be admissible at trial. Fed. R. Evid. 402. Evidence is relevant if it "has any tendency to make a fact [that is of consequence to the determination of the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. This relevance standard is "very low." United States v. White, 692 F.3d 235, 246 (2d Cir. 2012) (quoting United States v. Al-Moayad, 545 F.3d 139, 176 (2d Cir. 2008)). All relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402; see also White, 692 F.3d at 246 (2d Cir. 2012).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[W]hat counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." Old Chief v. United States, 519 U.S. 172, 184 (1997). In short, Rule 403 requires the court to "make a conscientious assessment of whether unfair prejudice substantially outweighs probative

value" with regard to each piece of proffered evidence. Al-Moayad, 545 F.3d at 160 (quoting United States v. Salameh, 152 F.3d 88, 110 (2d Cir. 1998) (per curiam)).

## II. DISCUSSION

The court addresses each of the parties' requests for admission or exclusion in turn.

### A. Evidence Relating to Previously Dismissed Claims

Plaintiff originally brought additional claims as a part of this case, including § 1983 claims of false arrest, unlawful search, malicious prosecution, and municipal liability; state claims of false arrest, unlawful search, and municipal liability under the doctrine of respondeat superior; and § 1983 claims of excessive force, state law claims of assault and battery, and state law claims of malicious prosecution against additional defendants. (M&O at 37-38.) The court dismissed these claims with prejudice on March 31, 2018. (Id.)

#### 1. Evidence Relating to Plaintiff's Arrest and Conviction

Defendants move to preclude Plaintiff from introducing evidence that "calls his arrest or conviction into question, and from presenting evidence about alleged damages that result solely from those claims." (Defs. Mot. at 3.) In particular, they seek to preclude Plaintiff from testifying about "alleged damage to his career, his economic damages, and reputational damages," stating that Plaintiff has described those damages as the result of his arrest and conviction, not a result of malicious prosecution, excessive force, or assault and battery. (Id.) Plaintiff responds that he "would not have been suspended from his job and would not have suffered the physical, mental, and economic damages that he suffered" if he were arrested for reckless driving only. (Pl. Resp. to Defs. Mot. ("Pl. Resp.") (Dkt. 79) at 6.) In other words, Plaintiff seems to claim that his alleged damage to his career, his economic damages, and his reputational damages relate to his existing claim for malicious prosecution.

3

Defendants' motion is GRANTED IN PART and DENIED IN PART. If Plaintiff wishes to introduce evidence relating to damages involving his career and reputation, he may do so for any such damages allegedly arising out of his remaining claims. He may not, however, introduce any evidence relating to damages arising solely from his arrest or conviction. Plaintiff is also precluded from introducing any evidence or providing any testimony that seeks to attack the validity of his arrest or conviction.

As previously noted, Plaintiff's remaining claims are a § 1983 excessive force claim and a state-law assault and battery claim against Defendant Sergeant Benjamin Benson, and state-law malicious prosecution claims against Defendants Benson and Detective Sandra Dailey. He may only bring evidence relating damages arising from those claims and to the elements for each of these claims, which are as follows.

    a.    *§ 1983 Excessive Force and State-Law Assault and Battery Claims*

To establish a claim under § 1983 against Benson, Plaintiff must prove that Benson deprived him of a right, privilege, or immunity secured by the Constitution or the laws of the United States. See 42 U.S.C. § 1983.[1] Excessive force claims arise under the Fourth Amendment, so Plaintiff must prove that Benson unreasonably administered force. Factors relevant to this determination include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest. Brown v. City of New York, 798 F.3d 94, 100 (2d Cir. 2015) (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). "That multi-factor test is not meant to be applied rigidly, however, and the inquiry into whether force is reasonable requires an objective examination of the totality of the circumstances." Gersbacher v. City of New York, No. 14-CV-

---

[1] Defendants do not dispute that Benson acted under color of law, and so Plaintiff should not present evidence regarding this issue at trial.

4

7600 (GHW), 2017 WL 4402538, at *9 (S.D.N.Y. Oct. 2, 2017) (internal quotation marks omitted).

"Federal excessive force claims and state law assault and battery claims against police officers are nearly identical." Graham v. City of New York, 928 F. Supp. 2d 610, 624 (E.D.N.Y. 2013). The same standard thus applies to the state law assault and battery claim. See Castro v. County of Nassau, 739 F. Supp. 2d 153, 178 n.17 (E.D.N.Y. 2010).

        b.    *Malicious Prosecution Claims*

To succeed on a malicious prosecution claim under New York law, Plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for Defendant's actions." Manganiello v. City of New York, 612 F.3d 149, 160 (2d Cir. 2010) (citations and internal quotation marks omitted). He must prove each element against each Defendant in order to prevail to his claims against that Defendant.

        2.    <u>Evidence Relating to Non-Party Witnesses</u>

Defendants also seek preclusion of evidence regarding disciplinary complaints or lawsuits against former defendants in this matter, Detective Shaheed Raheem and Detective Michael Wallen. (Defs. Mot. at 11.) Defendants expect to call both Raheem and Wallen as witnesses during trial. (See Joint Pretrial Order ("JPTO") (Dkt. 72) at 7.) Plaintiff responds that the evidence is admissible because "[t]heir prior disciplinary histories will not be used to show their character traits or their propensities to commit violent unlawful acts, but rather to show whether they told the truth about those prior incidents and whether they are trustworthy as witnesses." (Pl. Resp. at 8.)

5

Extrinsic evidence other than a criminal conviction is not typically admissible to attack a witness's character for truthfulness. Fed. R. Evid. 608(b). Defendants' motion is therefore GRANTED IN PART. Plaintiffs may not introduce Raheem's or Wallen's NYPD disciplinary histories or any extrinsic evidence of "settlements and other law suits" (JPTO at 8) to which they may have been parties.

However, the court may allow inquiries into such evidence on cross-examination where it is probative of the witness's character for truthfulness. Fed. R. Evid. 608(b); see United States v. Williams, 605 Fed. Appx. 45, 46 (2d Cir. 2015) (summary order). The probative value of evidence regarding Raheem or Wallen's NYPD disciplinary histories or prior lawsuits depends on the nature and substance of such actions; neither party has provided information about any cases upon which the court may base its judgment. Moreover, there is no indication that either Raheem or Wallen was ever found liable, or whether any disciplinary complaints about either were substantiated. Accordingly, the court RESERVES JUDGMENT until trial on whether Plaintiff may ask about Raheem or Wallen's disciplinary histories or prior lawsuits on cross-examination. Cf. Viada v. Osaka Health Spa, Inc., No. 04-CV-2744 (VM) 2005 WL 3435111, at *1 (S.D.N.Y. Dec. 12, 2005) (denying "vague" motions in limine because "the Court is unable to determine, with any degree of certainty, whether the [evidence] sought to be excluded from the trial would be inadmissible under any of the provisions of the Federal Rules of Evidence").

3. The City of New York

a. *Caption*

Defendants request that the City of New York (the "City") be removed from the caption of this action, and Plaintiff does not object. (Defs. Mot. at 13; Pl. Resp. at 9.) The parties are

6

directed to use the case caption as it appears in the Joint Pretrial Order (which does not include the City) (see JPTO at 1).

b.   *Indemnification*

Defendants seek to preclude Plaintiff from mentioning or introducing evidence that the City may indemnify Defendants. (Defs. Mot. at 15-16.) Plaintiff does not intend to offer such evidence in his case in chief. (Pl. Resp. at 10.) He does, however, suggest that "should that evidence come up" during "cross examination of defendants and other defense witnesses," that it could be relevant to Defendants' intent or motivation. (Id.) "In other words, defendants' knowledge that they will not be held responsible to pay out monetary damages to their victims is both relevant and probative in determining whether defendants disregarded Plaintiff's constitutional rights." (Id.)

The court agrees that evidence regarding indemnification would be prejudicial against Defendants, as such evidence might "encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill." Williams v. McCarthy, No. 05-CV-10230 (SAS), 2007 WL 3125314, at *7 n.46 (S.D.N.Y. Oct. 25, 2007) (quoting Lawson v. Trowbridge, 153 F.3d 368, 379 (7th Cir. 1998)). See also Nunez v. Diedrick, No. 14-CV-4182 (RJS), 2017 WL 4350572, at *2 (S.D.N.Y. June 12, 2017) ("[A]ny references to the City's potential indemnification obligations run the significant risk of unfairly prejudicing Defendant."); Hernandez v. Kelly, No. 09-CV-1576 (TLM), 2011 WL 2117611, at *6 (E.D.N.Y. May 27, 2011) (finding that evidence regarding the City's potential indemnification of defendant police officers would be prejudicial against the defendants).

The court must therefore weigh the potentially probative effect of the evidence against its prejudicial effect, and will allow the evidence in unless the danger of unfair prejudice

7

substantially outweighs its probative value. See Fed. R. Evid. 403. The evidence may have some relevance, but its probative value is minimal—Plaintiff would also need to introduce evidence that Defendants knew about the indemnification policy at the time of the attack, and jurors would have to accept that this knowledge increased the likelihood that Defendants would break the law (for which there may have been other potential penalties, such as job loss or even criminal liability). The substantial prejudice to Defendants substantially outweighs this attenuated chain of potential probative value, and Defendants' motion is therefore GRANTED. Cf. Estate of Jaquez v. Flores, No. 10-CV-2881 (KBF), 2016 WL 1060841 at *3 (S.D.N.Y. Mar. 17, 2016) (finding that the prejudicial effect of evidence of indemnification substantially outweighed the limited probative value of such evidence as to defendant police officers' potential bias).

c. *References to Defense Counsel as City Attorneys*

Defendants further move to exclude evidence that defense counsel are attorneys for the City on the grounds that such reference would be unfairly prejudicial because it may lead the jury to believe that Defendants will be indemnified by the City. (Defs. Mot. at 16-17.) See Hennessey, 840 F. Supp. 2d at 550 ("Because the City of New York is not a defendant in this action, the court agrees that any reference to defense counsel as 'City attorneys' may unfairly prejudice defendants."). Further, Plaintiff has stated that he does not intend to refer to defense counsel as City attorneys. (Pl. Resp. at 10.) Defendants' motion is GRANTED.

**B. Plaintiff's Prior Arrest**

Plaintiff moves to preclude Defendants from mentioning his prior arrest, which did not result in a conviction. (Pl. Mot. at 4.) The underlying charge was dismissed and the case sealed. (Id.) Defendants do not intend to raise this arrest at trial. (Defs. Resp. (Dkt. 82) at 1.) Plaintiff's

8

motion in limine is therefore GRANTED, and Defendants will not be permitted to raise the issue of this prior arrest.

However, Defendants argue that if Plaintiff claims he would not have been suspended from his job had he only been arrested for reckless driving, they "should correspondingly be permitted to raise plaintiff's prior arrest and the Kings' County District Attorney's Office's awareness of same, as a possible alternative contributory cause for plaintiff's suspension and subsequent dismissal." (Id.) This is reasonable. If Plaintiff raises evidence of his job loss—arguing, presumably, that it was the result of the allegedly malicious prosecution or another of his remaining claims—the court may allow Defendants to raise Plaintiff's prior arrest and the Kings' County District Attorney's Office's awareness of it as a potential alternative cause for his suspension and ultimate termination.

### C. Plaintiff's Wife and Legal Recruiters

Plaintiff no longer plans to call his wife or additional legal recruiters as witnesses. (Pl. Resp. at 7.) The court need not, therefore, address Defendants' motion regarding these potential witnesses.

### D. Defendants' Disciplinary Hearings and Prior Lawsuits

Defendants seek to preclude Plaintiff from inquiring into defendants' disciplinary history on grounds that such evidence is inadmissible under Federal Rules of Evidence 402, 403, 404(b) and 608, 611, 802, and 901. (Defs. Mot. at 7-10.) Defendants also move to preclude any inquiry regarding evidence of unrelated lawsuits against Defendants, arguing that such inquiry is impermissible under Rules 402, 403, 802, and 901. (Defs. Mot. at 10-11.)

### 1. Defendant Dailey's Disciplinary History

Because the Civilian Complaint Review Board ("CCRB") complaints against Defendant Dailey were not substantiated (Defs. Mot. at 8), the probative-prejudice balancing test weighs heavily in favor of excluding the evidence. See Hennessey, 840 F. Supp. 2d at 556 (precluding evidence of CCRB complaints where those complaints remained unsubstantiated); Jean-Laurent v. Wilkinson, No. 05-CV-583 (VM), 2009 WL 666832, at *3 (S.D.N.Y. Mar. 13, 2009) (allowing plaintiff to introduce "disciplinary histories [of defendant corrections officers] only as they relate to complaints that are less than ten years old that were found to be substantiated"). Defendants' motion is GRANTED. Plaintiff may not present evidence of CCRB complaints against Defendant Dailey, and may not ask about the involved incidents on cross-examination.

### 2. Defendant Benson's Disciplinary History

Benson's CCRB resume, on the other hand, contains two substantiated allegations: one from 2006 for using discourteous words, and one from 2008 for a retaliatory arrest and an improper stop and search. (Defs. Mot. at 8-9.) The 2008 case is also included on Benson's Central Personnel Index (CPI). (Id.) The probative value of these two allegations depends on the precise circumstances from which they arose, but Defendants have not provided any specific information about the allegations upon which the court may determine their relevance. Accordingly, the court RESERVES DECISION on this motion until trial.

### 3. Prior Lawsuits

Defendants also seek to preclude plaintiff from introducing any evidence of prior lawsuits brought against Defendants on grounds that such evidence is impermissible to show propensity, and is more prejudicial than probative. But here again, Defendants have failed to provide any information about those lawsuits, and the court is unable to determine whether any evidence

about them may be admissible. The court thus RESERVES DECISION on this motion until trial.

### E. The Civilian Complaint Review Board

Defendants move to preclude Plaintiff from referring to the CCRB or "any investigation they conducted," arguing that such evidence is irrelevant and that allowing it would "only serve to confuse and mislead the jury," and might cause them to "conclude that plaintiff's allegations were sufficiently serious or meritorious." (Defs. Mot. at 12.) Plaintiff responds that, as he intends to introduce "prior statements and testimony made to the CCRB," failing to provide the context in which those statements were made would be "confusing and misleading to the jury." (Pl. Resp. at 8-9.)

Plaintiff does not explain, however, how the knowledge that the admissible statements were made in the context of a CCRB investigation is relevant. The fact that a CCRB investigation took place does not make any material fact more or less likely (particularly where, as here, the investigation did not result in a finding that the allegations were substantiated (see Defs. Mot. at 12 n. 4)). See Bermudez v. City of New York, No. 15-CV-3240 (KAM), 2019 WL 136633, at *6 (E.D.N.Y. Jan. 8, 2019) (precluding evidence regarding a CCRB investigation into the same incident giving rise to the lawsuit because "the conclusions reached by the CCRB [we]re not relevant to the ultimate issue in [that] Section 1983 litigation").

Defendants' motion is GRANTED. Plaintiff may not refer to the CCRB investigation in this matter, and may not introduce evidence of it. This ruling does not affect the admissibility of sworn statements or testimony, or any other evidence, obtained during the course of that investigation.

## F. NYPD Policies

Defendants also move to preclude evidence regarding the NYPD Patrol Guide or other NYPD policy as irrelevant to whether Defendants violated Plaintiff's constitutional rights. Defendants do not address whether this evidence is relevant to Plaintiff's state law claims, but the court believes that it may be relevant to Plaintiff's malicious prosecution claims. Under New York law, a plaintiff claiming malicious prosecution must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for Defendant's actions." Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010) (citations and internal quotation marks omitted); see also Colon v. City of New York, 455 N.E.2d 1248, 1250 (1983).

NYPD policies may be relevant as to malice. A plaintiff may show malice "by proving that the prosecution complained of was undertaken from improper or wrongful motives, or in reckless disregard of the rights of the plaintiff." Manganiello, 612 F.3d at 163 (quoting Pinsky v. Duncan, 79 F.3d 306, 313 (2d Cir. 1996) (alterations adopted)). If the evidence shows that Defendants did not act in accordance with NYPD polices of which they were informed, that would make it more probable that they acted "in reckless disregard of the rights of the plaintiff," id.

Defendants further argue that any reference to alleged violations of NYPD procedure "would only confuse the jury" because the jury would then be "likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate defendants' alleged unconstitutional actions, notwithstanding a contrary instruction from the Court." (Defs. Mot. at 13-14.) The court agrees that the introduction of such evidence might confuse a jury, but has yet

to review the actual materials that Plaintiff seeks to admit. The court therefore RESERVES JUDGMENT on this motion until trial.

### G. Specific Damages Amount

There is no per se prohibition against a plaintiff suggesting a specific dollar amount as to damages in the Second Circuit. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 912-13 (2d Cir. 1997). Instead, the question is "left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." Id. at 912. But, in the context of pain-and-suffering damages, "specifying target amounts for the jury award is disfavored" because "[s]uch suggestions anchor the jurors' expectations of a fair award at the place set by [the party], rather than by the evidence." Consorti v. Armstrong World Indus., 72 F.3d 1003, 1016 (2d Cir. 1995), vacated on other grounds, 518 U.S. 1031 (1996).

Defendants' motion is therefore GRANTED IN PART and DENIED IN PART. Plaintiff has not provided any reason why his is a special case justifying a departure from the general preference disallowing suggestions of specific damages amount regarding pain and suffering. He may not, therefore, submit to the jury a specific dollar amount regarding his damages for pain and suffering. However, where he has presented evidence of other types of damages, he may suggest a specific amount for those damages. See Ferreira, 2016 WL 4991600, at *5; Hennessey, 850 F. Supp. 2d at 558.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion in limine is GRANTED IN PART and DENIED IN PART, and Plaintiff's motion in limine is GRANTED. Plaintiff is precluded from:

- Presenting evidence regarding damages arising solely from his arrest or conviction

13

- Attacking the validity of his arrest or conviction
- Discussing potential indemnification of Defendants by the City
- Referring to defense counsel as City attorneys
- Presenting evidence regarding Defendant Dailey's disciplinary history
- Introducing extrinsic evidence regarding disciplinary complaints or lawsuits against Raheem and Wallen
- Suggesting to the jury a specific dollar amount regarding his damages for pain and suffering
- Referring to the CCRB investigation regarding the incident giving rise to this action

Defendants are precluded from bringing evidence at trial regarding Plaintiff's prior arrest unless, as discussed above, Plaintiff opens the door to such testimony. In the event Defendants believe Plaintiff has done so, the court will reconsider the admissibility of evidence regarding Plaintiff's prior arrest.

The court RESERVES JUDGMENT with respect to the following issues, and will resolve them at the appropriate time before or during trial:

- Evidence of prior lawsuits brought against Defendants
- Evidence regarding Defendant Benson's disciplinary history
- Inquiries into Raheem or Wallen's disciplinary history or prior lawsuits on cross-examination
- Evidence regarding the NYPD Patrol Guide or other NYPD policies

The clerk of court is respectfully DIRECTED to send a copy of this order by certified mail, return receipt requested, to pro se Plaintiff at his address of record.

SO ORDERED.

Dated: Brooklyn, New York
March _9_, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge