D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YASER OTHMAN,

                Plaintiff,

         -against-

SERGEANT BENJAMIN BENSON and
DETECTIVE SANDRA DAILEY,

                Defendants.
------------------------------------------------------------------X

**ORDER**

**13-CV-4771 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Following a trial in this matter held from March 18, 2019 through March 20, 2019, a jury returned a verdict in favor of Defendants on all counts. (Jury Verdict (Dkt. 108).) A judgment was entered by the Clerk of Court on April 18, 2019. (J. (Dkt. 112).) On May 20, 2019, Defendants filed an application seeking costs in the amount of $585 (Defs. Costs Appl. (Dkt. 113)), and Plaintiff filed an opposition to that application on June 3, 2019 (Pl. Opp'n to Defs. Costs Appl. (Dkt. 114)). The Clerk of Court subsequently taxed Plaintiff costs in the amount of $547.00. (June 7, 2019 Not. of Costs Taxed.) Currently pending before the court is <u>pro se</u> Plaintiff Yaser Othman's opposed motion to set aside the costs taxed against him. (Pl. Mot. to Set Aside Costs Taxed ("Mot.") (Dkt. 115); Defs. Resp. in Opp'n to Mot. ("Opp'n") (Dkt. 118).)

"A district court reviews the clerk's award of costs by exercising its own discretion to decide the cost question itself." <u>Assocs. Against Outlier Fraud v. Huron Consulting Grp., Inc.</u>, 817 F.3d 433, 435 (Mar. 23, 2016) (quotation marks and citation omitted) (alteration adopted). Federal Rule of Civil Procedure 54 provides that costs, other than attorney's fees, should generally be awarded to a prevailing party absent a statute, federal rule, or court order to the contrary. Fed. R. Civ. P. 54(d)(1). "[A]n award of costs is the rule, not the exception, because

1

costs are considered an incident of judgment rather than a punitive measure." Moore v. Cty. of Del., 586 F.3d 219, 221 (2d Cir. 2009) (quotation marks and citation omitted).

Plaintiff argues that the "taxing of costs was an error and must be set aside" because Defendants' application for costs was untimely under Rule 54. (Mot. at 1.) Plaintiff asserts that, under Rule 54, "a motion for costs must be filed no later than fourteen (14) days after the entry of judgment." (Id.) He is mistaken. The rule provides that "[t]he clerk may tax costs on 14 days' notice," Fed. R. Civ. P. 54(d), and does not specify a deadline by which a party may make such an application. Rather, it is Local Civil Rule 54.1(a) that governs the timing of a party's application for costs. See Choi v. City of New York, No. 10-CV-6617 (JPO), 2013 WL 1387021, at *1 (S.D.N.Y. Apr. 5, 2013). The local rule states that a party seeking costs may do so within thirty days after the entry of final judgment. E.D.N.Y. Local Civ. R. 54.1(a). In this case, Defendants timely filed their application for costs on May 20, 2019.[1] (Defs. Costs Appl.)

Plaintiff also argues that taking his deposition was not necessary, and so Defendants are not entitled to recover for costs incurred in connection with obtaining transcripts of the deposition. (Mot. at 2.) The deposition was unnecessary, Plaintiff asserts, because "[p]rior to the adjudication of the present case, [he] gave detailed accounts of the facts underlying the case on at least three prior occasions" and "[t]ranscripts of [his] prior testimonies were provided to defendants as a part of discovery in the present case." (Id.) Plaintiff is incorrect. A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). A transcript is necessarily obtained "if the deposition was used or received into evidence at the trial, whether or not it was read in its entirety."

---

[1] Judgment was entered on April 18, 2019, and 30 days from that date would have been May 18, 2019. But May 18, 2019 was a Saturday, and therefore the deadline was May 20, 2019. See E.D.N.Y. Local Civ. R. 6.4 ("If the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

2

E.D.N.Y. Local Civ. R. 54.1(c)(2). And "a deponent's testimony at trial alone is sufficient to end the inquiry as to whether their depositions were used at the trial." Endo Pharm. Inc. v. Amneal Pharm., LLC, No. 12-CV-8115 (JPO), 2019 WL 2417386, at *5 (June 10, 2019) (citing Farberware Licensing Co. v. Meyer Mktg. Co., No. 09-CV-2570 (HB), 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009) (quotation marks omitted)); see Perry v. Metro. Suburban Bus Auth., 236 F.R.D. 110, 112 (E.D.N.Y. 2006). Here, as Defendants note, Plaintiff testified at trial on both direct and cross-examination. (Opp'n at 4.) Thus, the transcript of his deposition was used at trial and was necessarily obtained.

Finally, Plaintiff argues that the court should set aside the costs taxed because "the costs alleged by defendants are fraudulent and not correctly stated." (Mot. at 2.) In support of this assertion, Plaintiff first points out that Defendants "received one original and two copies of Plaintiff's testimony" (Mot. at 2) when they are only entitled to costs for "the original transcript of a deposition, plus one copy." E.D.N.Y. Local Civ. R. 54.1(c)(2). However, the Clerk of Court adjusted its award of costs accordingly, using information provided by Defendants in their application for costs. (See June 7, 2019 Not. of Costs Taxed ("The cost of the deposition transcript has been reduced at the rate of $0.12 per page for the disallowed second copy."); May 20, 2019 Decl. of Erin Ryan in Supp. of Defs. Costs Appl. (Dkt. 113-1).) Plaintiff also claims that Defendants misrepresented the total costs of the transcript, because the deposition testimony was 134 pages in length and the original copy of the transcript cost $3.60 per page, which only amounts to $482.40. (Mot. at 3.) But Plaintiff fails to account for the cost of the 16 index pages and the cost for one copy. (See Stenographer Invoices (Dkt. 113-4); Defs. Costs Appl.) With

3

the additional pages taken into account, as well as the single additional copy, the court finds that the Clerk of Court's award of $547.00 is correct.[2]

For the foregoing reasons, Plaintiff's (Dkt. 115) motion to set aside costs taxed is DENIED. The Clerk of Court is respectfully DIRECTED to send a copy of this order by certified mail, return receipt requested, to pro se Plaintiff at his address of record.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 25, 2019

NICHOLAS G. GARAUFIS
United States District Judge

---

[2] Sixteen additional pages at $3.60 per page adds $57.60 to the $482.40 calculated by Plaintiff, to make a total of $540. Defendants also paid $25 for the two additional copies they ordered (Stenographer Invoices), which brings the total to $565. Because Defendants are only entitled to recover costs for one copy, however, as noted above, the court agrees with the Clerk that a reduction of $0.12 per page for the extra copy is warranted. This $0.12 per page cost is taken from a letter from Diamond Reporting, Inc.—the company that provided the stenographer—estimating that the cost of making a copy of a transcript would be about $0.12 per page. (Dec. 23, 2016 Diamond Letter (Dkt. 113-5).) That leads to a reduction of $18, leaving the total at $547.00—the amount initially calculated by the Clerk of Court. (See June 13, 2019 Not. of Costs Taxed.)